Green, J.
delivered the opinion of the court.
In the year 1819, the Legislature of Tennessee passed a law to dispose of the lands in the Hiwassee District. The said lands were sold at Knoxville; the sales commenced the fii-st Monday of November, 1820. The plaintiff being about to bid for certain lands, the defendant, and Austin Rider, to induce him not to bid, and to obtain his agency in preventing other persons from bidding, executed the following instrument:
“We the undersigned promise to pay Hugh D. Hale, five hundred dollars, if we should get the land we .want in the Tellico, plains, or any part thereof that we may bid for; provided we get said land at eight dollars per acre; and also to pay one-fourth of the difference between what it may go at less than eight dollars, and eight dollars. Provided in no case he shall have a greater sum than one thousand dollars, including the five hundred first above mentioned. The fractions we mean are 128, 66, 111, 154, 138, 103. And I hereby agree to endeavor to keep every other person off said fractions. Witness our hands and seals, this 6th December, 1820. And a credit of twelve months be given for all but five hundred dollars.
Thos. Hendirson, [Seal.]
Austin Rider, [Seal.]
This suit is brought against Thomas Henderson, one of the *200 obligors in the above instrument, who pleads the facts above set forth; insisting that the contract was illegal, and that the obligation was void.
The contract set forth in this case, was a most fraudulent and iniquitous one. The public domain was exposed to sale; and the State had a right to obtain such price as it was fairly worth, and as purchasers, unbiassed and unaffected by any improper interference, would be willing to give. But the plaintiff undertakes, not only, that he will not bid himself for the lands the defendant wants, but that he will use his influence to prevent other persons from bidding; thus selling himself to prevent competition, and to permit the defendant to obtain the lands he wished to buy at a rate greatly below their value. He engaged not only to defraud the State, but to use a corrupting influence upon other bidders; and now having colluded with the defendant to defeat the law, he asks the aid of the law to enforce his contract. This cannot be done. No principle of law is better settled, than that no action will lie to enforce a contract made in violation of a statute, or of the common law, or which is immoral in its character and against public policy. In the case of Wheeler vs. Russell, 17 Mass. Rep. 257, the subject is fully discussed, and all the authorities are referred to and reviewed, showing that this has been the uniform doctrine of the courts of England and in this country. Let the judgment be affirmed.